MICHAEL CULLEN, Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY, Appellant.

No. 4704; February 7, 1876.

Carrier—Person Riding in Exposed Position.—If a law provides that in case a passenger on a railway train suffers injury "on the platform of a car or on any baggage, wood, gravel or freight car, in violation of the printed regulations of the company posted up at the time in a conspicuous place inside of its passenger cars then in the train . . . . such company shall not be liable for the injury, provided said company at the time furnished room inside its passenger cars sufficient for the accommodation of its passengers," it is immaterial that the law does not in express terms prohibit a recovery to a person so suffering an injury.

Carrier—Person Riding on Other Than Passenger Car.—In the trial of an action against a railroad company for injuries received by the plaintiff while riding on one of the defendant's cars, when in fact it was not a passenger car, and a law relieved a company observing certain conditions from liability for injuries received on other than passenger cars, an instruction asked by the defendant on the hypothesis virtually of the plaintiff being debarred from recovery under this law is not too broad merely for failing to state just what description of car it was the plaintiff was riding on.

APPEAL from Twentieth Judicial District, Santa Clara County.

Moore & Laine and Delmas & Leib for respondent; S. W. Sanderson for appellant.

By the COURT.—Section 48 of the act of May 20, 1861, providing for the management of the affairs of railroad companies, is as follows: "In case any passenger on any railroad

shall be injured on the platform of a car, or on any baggage, wood, gravel, or freight cars, in violation of the printed regulations of the company, posted up at the time in a conspicuous place inside of its passenger cars then in the train, or in violation of verbal instructions given by any officer of the train, such company shall not be liable for injury; provided, said company at the time furnished room inside its passenger cars sufficient for the accommodation of its passengers."

At the trial the evidence for the defendant tended to show that at the time of the accident complained of the plaintiff had left the rear car, which was admittedly a passenger-car, and had gone into the forward car, next to the engine, and was at the time of the accident in the forward compartment of the forward car, which compartment the defendant at the trial insisted was a baggage-car within the intent of the statute just recited. The evidence for the defendant further tended to show that at the time the plaintiff left the rear car, and at the time of the accident, there was sufficient room inside the rear car for the accommodation of the plaintiff and all the other passengers on the train. The defendant also proved that in the rear car there was posted up a notice in the following words:

## "TAKE NOTICE.

"Passengers are not allowed to stand on the platforms, or to ride on baggage, mail or express cars, or on the engine. Keep your head and arms inside the windows.

"A. N. TOWNE, Genl. Supt."

In this condition of its case the defendant asked the court below to give the jury the following instruction: "If the jury believe from the evidence that at the time of the accident in question there was posted up in a conspicuous place inside of the passenger-cars in the train on which the plaintiff was then traveling printed regulations of the defendant stating in substance that passengers were not allowed to ride in the baggage, mail or express cars, or on the engine; and if the jury further believe that at the time of said accident the plaintiff was either in the baggage, mail or express car, or on the engine of said train; and if they further believe that at that time there was sufficient room in the passenger-cars composing said train for the accommodation of all the passengers

then traveling thereon,—then I instruct you that the plaintiff cannot recover in this action."

This instruction was refused, and an exception was reserved by the defendant.

It is not suggested by the counsel for the respondent that the instruction thus refused appears elsewhere in the record to have been substantially given.

The argument made here in support of the refusal is that "the statute does not prohibit a recovery to persons riding in the mail or express cars, or on the engine."

The statute in terms provides, as we have seen, that in such case the company "shall not be liable for injury," and if the company be not liable for the injury, it is difficult to see how the plaintiff could recover.

It is next argued in support of the refusal of this instruction that it was too broad, in that there was no evidence tending to show that the car in which the plaintiff was when he was injured was a mail-car, or that the plaintiff was on the engine when the accident occurred.

But we think that the instruction, while it might have been narrowed in the respect referred to by the counsel for the respondent, was not erroneous, because it set forth the entire hypothesis upon which the statute had provided for the immunity of the company.

Judgment and order denying a new trial reversed and cause remanded.